COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Frank, Huff and Senior Judge Haley


JESSICA HUSAR-JOURNIGAN

MEMORANDUM OPINION*

v.      Record No. 1318-13-2                PER CURIAM
                                            MARCH 11, 2014

FREDERICKSBURG DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

(Edith M. Min; Mell & Frost, PC, on brief), for appellant.

(Stuart C. Sullivan, III; Shana Gertner, Guardian *ad litem* for the
minor children; Stuart C. Sullivan & Carolyn S. Seklii, Attorneys at
Law, P.L.C., on brief), for appellee.


Jessica Husar-Journigan (mother) appeals an order terminating her parental rights to her

children. Mother argues that the trial court abused its discretion in terminating her parental rights

and finding that she did not substantially remedy the situation which led to her children's foster care

placement. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In April 2012, mother was pregnant and living with her two children, S. and G.,[1] and her husband, Michael Journigan (father). They also shared the house with six other adults. The police conducted a drug raid at their home and seized cocaine, prescription pills, marijuana, and smoking devices. As a result of the drug raid, the Fredericksburg Department of Social Services removed the two children and ultimately placed them with their paternal grandparents.[2]

The Department's foster care plan required mother to participate in substance abuse and psychological evaluations, follow up on the recommendations from the evaluations, complete an approved parenting class, consistently visit with the children, submit clean urine screens, refrain from illegal drug use, comply with probation and court conditions in the criminal matters, and maintain stable housing and employment.

Prior to her first visitation with the children, mother tested positive for marijuana. She tested negative for drugs in her subsequent drug screens. However, in July 2012, when mother's baby, V., was born, the child tested positive for marijuana. The Department removed the baby and placed her with the baby's siblings and her paternal grandparents.

Mother participated in meetings with the Department. She completed a parenting class and regularly attended visitations.

Mother also participated in a substance abuse evaluation, which determined that she was dependent on marijuana. She, however, did not complete her drug counseling. Mother explained that she was arrested for failing to pay child support for her oldest child and missed two drug counseling sessions. As a result, she was dropped from the course. She did not resume counseling once she was released from jail.

---

[1] Since the children are minors, we will refer to them by their initials.

[2] The paternal grandparents already had custody of appellant's oldest child, whose father was not Michael Journigan.

In December 2012, the police again raided the parents' home for suspected drug use. Father tested positive for Oxycontin and did not have a valid prescription for the drug. He did not have stable employment. As a result of the police raid, mother and father were evicted from their home. The Department suspended mother and father's visitations with the children, but allowed mother to have supervised telephone contact with the two older children, S. and G.

In January 2013, mother informed the Department that she was separating from father and wanted the Department to separate their foster care plans.[3] Mother testified that she later moved in with her sister and worked part-time at a catering business.

On April 18, 2013, the Fredericksburg Juvenile and Domestic Relations District Court terminated mother's parental rights to her three youngest children. Mother appealed the order, and the parties presented evidence and argument to the trial court on July 1, 2013. At the conclusion of the hearing, the trial court entered an order terminating mother's parental rights of S., G., and V.[4] This appeal followed.

ANALYSIS

Mother argues that the trial court erred in finding that she did not substantially remedy the conditions which led to the children being placed, and continuing, in foster care. She contends she met all of the Department's requirements, except for completing her substance abuse counseling.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16

---

[3] Prior to January 2013, the Department and the parents had been working under one plan, with a goal of return home because the parties were married and living together.

[4] The circuit court also terminated father's parental rights to S., G., and V.

(1986) (citations omitted).  When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

The Department removed the children because mother and father had substance abuse problems.  The police raided their home and found drugs and drug paraphernalia.  Mother tested positive for marijuana use, and three months after S. and G. were removed, V. was born with marijuana in her meconium.

The trial court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2).[5]  It noted that mother and father had drug addictions and were unable to care for their children.  The parents had placed the children in "an untenable situation" and had not remedied the conditions that led to, and required continuation of, the children to be placed in foster care.

Mother failed to complete her substance abuse counseling, which was a key component of the foster care plan.  One of the reasons that the Department removed the children was the parents' drug use.  Mother had a problem with marijuana and never completed her treatment program.  She had not remedied the problem for which the children were in foster care.

Mother also had not obtained stable housing.  For the twelve months following the children being in foster care, mother had lived in three residences and was evicted from the last house after a police raid.  In the spring of 2013, mother was arrested and incarcerated for thirty

---

[5] A court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

days.  When she was released, she allegedly lived with her sister; however, the Department was not aware of her living situation because mother had not contacted the Department since March 2013.  Consequently, mother had failed to substantially remedy her situation within twelve months of the children being placed in foster care.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Based on the record, the trial court did not err in terminating mother's parental rights to her three children.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.